# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN CIOCIOLA, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCE IACONE, Jr., Inc., | : | |
| d/b/a Vince Iacone's Sunoco, | : | |
| Defendant. | : | No. 10-5471 |

## MEMORANDUM

PRATTER, J.                                                                                           JANUARY 24, 2011

**INTRODUCTION**

This is an employment discrimination case. Plaintiff Martin Ciociola has sued his former employer, Vince Iacone, Jr. Inc., d/b/a Vince Iacone's Sunoco ("Iacone"), alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(b) and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*. Iacone has filed a motion to dismiss Mr. Ciociola's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

The Motion raises two related questions of law: (1) whether, on the basis of Mr. Ciociola's Complaint, the Court has subject matter jurisdiction over his claims; and (2) whether Mr. Ciociola's Complaint pleads facts on which ADEA relief may be granted. For the reasons set forth below, the Court will deny the Motion to Dismiss in full, but will provide Iacone with leave to refile the jurisdictional portion of his Motion as one for summary judgment on issue of whether Iacone qualifies as an "employer" for the purposes of the ADEA.

## JURISDICTION

The Court's subject matter jurisdiction is contested. Mr. Ciociola asserts that this Court has federal question jurisdiction over his ADEA claim pursuant to 28 U.S.C. § 1331, and should therefore exercise supplemental jurisdiction over his PHRA claim pursuant to 28 U.S.C. § 1367.

Iacone argues that Mr. Ciociola's Amended Complaint should be dismissed for lack of jurisdiction because the Complaint fails to specifically plead that Iacone had the requisite 20 employees to qualify as an ADEA "employer." *See* 29 U.S.C. § 630(b). In the absence of the ADEA claim, the Court would lack supplemental jurisdiction over the PHRA claim.

## DISCUSSION

### A.    Rule 12(b)(1)

The Court of Appeals has held that the ADEA's "20 or more" employee threshold is not jurisdictional, but rather a substantive element of a claim under the statute. *Carr v. Borough of Elizabeth*, 121 Fed. Appx. 459, 460 (3d Cir. 2005). Thus, where a plaintiff has successfully pled that the defendant met the threshold, the court should not address this factual question via a Rule 12(b)(1) motion to dismiss, but rather in the context a summary judgment motion. *Id.*[1]

### B.    Rule 12(b)(6)

The question, then, is whether Mr. Ciociola's Amended Complaint states a claim under the ADEA upon which relief can be granted. Iacone argues, and Mr. Ciociola concedes, that the Complaint does not *specifically* assert that Iacone meets or has met the employee threshold. The

---

[1]    The practical significance of converting the motion into one for summary judgment stems primarily from the fact that under a Rule 12(b)(1) standard, the court may inquire into the facts without viewing the evidence in the light most favorable to the nonmoving party.

Complaint instead states that "at all material times herein, the Defendant has been a 'person' and an 'employer' as defined under the ADEA and the PHRA" (Amended Complaint at ¶ 8).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Although a court ruling on such a motion need not accept as true the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d. 902, 906 (3d Cir. 1997), the court must accept as true not only the facts pled in the complaint, but also all "reasonable inferences" that may be drawn from the complaint's allegations, and must view those facts and inferences in the light most favorable the nonmoving party. *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989).

Applying this standard, and mindful of the fact that Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Mr. Ciociola's Amended Complaint has pled facts sufficient to support his claim under the ADEA.

It is reasonable for the Court to infer, based upon Mr. Ciociola's assertion that Iacone is an "'employer' as defined under the ADEA," that the Complaint is alleging as a matter of fact that Iacone meets (or has met) the employee threshold. This is technically a legal conclusion, but one that stands upon, and incorporates, a basic assertion of fact – an assertion which Mr. Ciociola has at any rate made more explicit in his papers.[2]

---

[2] "Upon information and belief, Defendant Vince Iacone, Jr., Inc. owns and operates several establishments and has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year" (Memorandum of Law in Response to the Motion to Dismiss at 9).

CONCLUSION

In light of the fact that Mr. Ciociola's Amended Complaint pleads facts sufficient to establish a violation of the ADEA, the Court will deny Iacone's Motion to Dismiss pursuant to Rule 12(b)(6). The Court will also deny Iacone's Motion to Dismiss pursuant to Rule 12(b)(1), but will provide Iacone with leave to refile the Motion as one for summary judgment.[3]

An Order to this effect follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[3] The Court will not consider at this time the affidavit of Vince Iacone, Jr., the president of Iacone, which is attached to the Motion. In that affidavit, Mr. Iacone asserts that Iacone "has never had more than twenty (20) or more [sic] employees at one time." Iacone can, of course, submit this affidavit as an exhibit to any motion for summary judgment.